IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Ann Smith, John Pettigrew, Bob Shirley, Wayne Gilbert, and others similarly situated, | C.A. No. 3:12-CV-1543-CHH-CMC-JMC |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| The State of South Carolina Election Commission and the State of South Carolina, | |
| Defendants. | |

## BACKGROUND

This action was originally filed on June 11, 2012, together with a motion for permanent injunction (PI) and a temporary restraining order (TRO). Dkt. No. 1, 4. A three-judge panel heard argument and ruled orally, denying the TRO that same day. A comprehensive written order was entered on June 18, 2012. Dkt. No. 8, 9, 10.

Thereafter, the matter appeared to lie dormant, with no evidence even that Defendants had been served. On July 25, 2012, the court directed Plaintiffs to file a status report by August 8, 2012. Dkt. No. 11. Having received no status report, the court issued a Rule to Show Cause Order (RTSC) on September 14, 2012. Dkt. No. 15.

Plaintiffs responded to the RTSC on September 20, 2012, arguing that their failure to respond to the earlier order should be excused because a computer virus had deleted the deadline from

counsel's calendaring system. They also indicated an intent to file an amended complaint and renewed motion for injunctive relief by the end of the week.[1]

Plaintiffs filed an amended complaint shortly before midnight on September 21, 2012. That complaint adds one Plaintiff (Wayne Gilbert) and names three Defendants, one of the two original Defendants (the South Carolina State Election Commission) and two additional Defendants (the South Carolina Republican Party and the South Carolina Democratic Party).[2] The amended complaint seeks a temporary restraining order and preliminary injunction. Plaintiffs did not, however, file an accompanying motion.[3]

## DISCUSSION

This matter has been pending for over three months. Beyond filing the original complaint and motion and participating in a teleconference on the same day, Plaintiffs do not appear to have taken even the most rudimentary step to advance the matter (serving the summonses and complaint). Instead, Plaintiffs waited until after missing a court-ordered deadline for a status report and receiving the RTSC to file an amended complaint which purports to seek "an expedited temporary restraining order and permanent injunction." Despite the claimed urgency, no motion was filed with the amended complaint. The claim of urgency is also suspect in that the amended complaint does not

---

[1] The parties named in the caption of Plaintiffs' response to the RTSC do not correspond with those named in the original complaint but do correspond with those named in the amended complaint addressed below.

[2] The amended complaint drops the following parties: Tommie Reece, Robert Tinsley, and the State of South Carolina.

[3] The amended complaint refers to Exhibits A-N. Only Exhibits A-D are attached.

appear to raise any issues which were not fully addressed and disposed of by this court's prior orders.[4]

WHEREFORE, the court declines to take any action until: (1) the amended complaint is properly served on all Defendants; (2) Plaintiffs file a properly supported motion; and (3) Defendants have been afforded some opportunity to file a response. If Plaintiffs intend to seek a temporary restraining order or other expedited relief, they shall complete service of the amended complaint and a properly supported motion no later than 5:00 p.m. on Tuesday, September 25, 2012. That motion shall expressly address why the current request for relief is not barred by this court's prior orders. Defendants shall be allowed until Friday, September 28, 2012, to file written responses. If the court finds sufficient grounds, it will schedule a hearing by teleconference during the week of October 1, 2012.

IT IS SO ORDERED.

For the Court

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 24, 2012

---

[4] The amended complaint alleges that the sole added Plaintiff, Mr. Gilbert, filed his SIC along with a receipt of his SEI filing on March 30, 2012, but was decertified "after the *Anderson* case was decided." ¶ 5. The amended complaint also specifies that the alleged change in voting procedure or practice is that "the *Anderson I* and *Anderson II* decisions changed the most recent practice for conducting elections in 2010 and 2011 by requiring a paper copy of the SEI to be filed with the party officials at the exact same time that the SIC was filed. (Exhibit J)." ¶ 23. Although Plaintiffs failed to file Exhibit J to the amended complaint, the court notes that it addressed the issue of filing a receipt confirming electronic filing of an SEI at the time of filing an SIC in footnote 13 of its prior Order. The amended complaint does nothing to advance this issue. In the amended complaint, Plaintiffs fail to allege what "the most recent practice for conducting elections in 2010 and 2011" was and whether that practice had been precleared. As noted in footnote 13, nothing in § 8-13-1356(B) provides that filing a receipt is sufficient.

3